IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

RAVEN SARTAIN,                    *
                                  *
        Plaintiff,                *
                                  *
v.                                *    CIVIL ACTION NO. 1:21-cv-4192-JPB-RGV
                                  *
WAL-MART STORES EAST, LP,         *
and WAL-MART ASSOCIATES, INC.,    *
                                  *    **JURY TRIAL DEMAND**
        Defendants.               *

**COMPLAINT**

Comes Now, Plaintiff, Raven Sartain, and files her Complaint against the above-named Defendants on the following grounds:

**INTRODUCTION**

1.

This is an action for violations of the Family Medical Leave Act ("FMLA"), codified at 29 U.S.C. § 2601 *et seq.*, and the Americans with Disabilities Act ("ADAAA") codified at 42 U.S.C. § 12101 *et seq.*, as amended by the Civil Rights Act of 1991 and the ADA Amendment Acts of 2008.  In addition, this is an action for pregnancy and sex discrimination pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act of 1978 ("PDA"), and as amended by the Civil Rights Act of 1991 ("Title VII"), codified at 42 U.S.C. § 2000e et seq.

**JURISDICTION**

2.

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

3.

The Plaintiff is an "eligible employee," as defined by 29 U.S.C. § 2611(2)(A).

4.

Defendants are a joint and/or single "employer," as defined by 29 U.S.C. § 2611(4).

5.

Defendants are a joint and/or single "employer" engaged in an industry affecting commerce as defined by 42 U.S.C. § 12111(5)(A).

6.

Defendants are a joint and/or single "employer" engaged in an industry affecting commerce as defined by 42 U.S.C. § 2000e(b).

7.

This Court has subject matter jurisdiction in this case.

8.

Defendant Wal-Mart Stores East, LP is a Delaware limited partnership doing business within the State of Georgia.

9.

Defendant Wal-Mart Stores East, LP's registered agent, The Corporation Company (FL), is located at 106 Colony Park Drive, Suite 800-B, Cumming, Forsyth County, Georgia 30040-2794.

10.

Defendant Wal-Mart Stores East, LP operates its retail stores within the State of Georgia.

11.

Defendant Wal-Mart Associates, Inc. is a Delaware corporation doing business within the State of Georgia.

12.

Defendant Wal-Mart Associates, Inc.'s registered agent, The Corporation Company (FL), is located at 106 Colony Park Drive, Suite 800-B, Cumming, Forsyth County, Georgia 30040-2794.

13.

Defendant Wal-Mart Associates, Inc. operates its retail stores within the State of Georgia.

14.

This Court has personal jurisdiction over Defendants.

**VENUE**

15.

Defendant Wal-Mart Stores East, LP's registered agent resides within the Atlanta Division of the Northern District of Georgia, as defined by 28 U.S.C. § 1391(c)(2).

16.

Defendant Wal-Mart Associates, Inc.'s registered agent resides within the Atlanta Division of the Northern District of Georgia, as defined by 28 U.S.C. § 1391(c)(2).

17.

Venue in the Atlanta Division of the Northern District of Georgia is proper for Defendants, pursuant to 28 U.S.C. § 1391(b)(1).

**THE PARTIES**

18.

The Plaintiff is a former employee of Defendants, currently residing in Aiken, South Carolina.

19.

Defendant Wal-Mart Stores East, LP is a Delaware limited partnership doing business in the Northern District of the State of Georgia, and may be served with summons and process by service upon its registered agent, The Corporation Company (FL),

registered agent is located at 106 Colony Park Drive, Suite 800-B, Cumming, Forsyth County, Georgia 30040-2794.

20.

Defendant Wal-Mart Associates, Inc. is a Delaware corporation doing business in the Northern District of the State of Georgia, and may be served with summons and process by service upon its registered agent, The Corporation Company (FL), registered agent is located at 106 Colony Park Drive, Suite 800-B, Cumming, Forsyth County, Georgia 30040-2794.

**FACTS**

21.

Defendants operate their multinational retail supercenters, discount department stores, and grocery stores throughout the United States of America, including the State of Georgia.

22.

In 2009, the Plaintiff began her employment as a cashier with Defendants.

23.

From 2009 to 2013, the Plaintiff was promoted several times during.

24.

In 2013, the Plaintiff was promoted to Store Manager at Snead, Alabama.

25.

In 2016, the Plaintiff was promoted to larger stores as a Store Manager in Auburn, Alabama, and, in 2018, to Store Manager in Phenix City, Alabama.

26.

In 2019, the Plaintiff was promoted to Store Manager for Defendants' location in LaGrange, Georgia.

27.

Throughout her employment, the Plaintiff performed her duties in a satisfactory or above manner.

28.

During her employment at the LaGrange location, the Plaintiff was continuously harassed by Shawn McCullum (male), Market Manager, regarding her FMLA leave and leave due to her pregnancy.

29.

On or about September 28, 2019, the Plaintiff went on FMLA due to complications in her pregnancy.

30.

On or about September 30, 2019, the Plaintiff informed McCullum that she would be on FMLA leave for approximately two (2) weeks due to complications in her pregnancy.

31.

While the Plaintiff was on FMLA, McCullum texted the Plaintiff blaming her for her store allegedly being in a disaster and that he is having to send twenty-three (23) associates to help clean it up.

32.

While the Plaintiff was on FMLA, the Plaintiff called McCullum regarding his texts, to which McCullum responded by chastising her over the alleged condition of the store, despite knowing she was on FMLA due to complications in her pregnancy.

33.

On or about January 27, 2020, the Plaintiff went on FMLA and maternity leave a week early due to her high blood pressure.

34.

Prior to taking FMLA and maternity leave a week early due to her high blood pressure, the Plaintiff told McCullum that her doctor placed her on leave a week early due to her high blood pressure, and that she planned to take the full sixteen (16) weeks of FMLA and leave allowed by Defendants.

35.

In response to the Plaintiff telling McCullum that her doctor placed her on leave a week early due to her high blood pressure and that she planned to take the full sixteen (16) weeks of FMLA

and leave allowed by Defendants, McCullum became angry and told the Plaintiff he wanted her to split-up her leave and use six (6) weeks later, but she declined to do so.

36.

On or about February 10, 2020, the Plaintiff texted McCullum to let him know she was about to have her baby.

37.

On or about February 14 and 15, 2020, while the Plaintiff was still in the hospital, McCullum and McCullum's assistant texted the Plaintiff several times requesting that she conduct evaluations for her associates and to correct a coaching that the Plaintiff had previously entered in the system.

38.

In February of 2020, McCullum required the Plaintiff to conduct evaluations for her associates and to correct the coaching that the Plaintiff had previously entered in the system, to which the Plaintiff complied, despite being on pregnancy and FMLA leave.

39.

In May of 2020, the Plaintiff returned from her FMLA and pregnancy leave.

40.

After the Plaintiff returned from her FMLA and pregnancy leave, McCullum has hostile towards her, and harassed the Plaintiff regarding her duties.

41.

On or about December 29, 2020, the Plaintiff took approved leave due to a viral infection through on or about January 15, 2021.

42.

On or about January 14, 2021, the Plaintiff's leave was extended through February 3, 2021.

43.

On or about January 21, 2021, the Plaintiff informed McCullum that she would not be able to return to work due to possibly having Covid-19.

44.

On or about January 21, 2021, the Plaintiff informed McCullum that she believed she was pregnant.

45.

Later, on January 21, 2021, McCullum terminated the Plaintiff from employment while she was on approved FMLA leave.

46.

The Plaintiff was terminated for taking leave under the FMLA and/or because she was about to take additional leave under the FMLA.

47.

Prior to taking FMLA, the Plaintiff had received satisfactory or above performance reviews.

48.

Defendants violated the FMLA by interfering with the Plaintiff's substantive rights to which she is entitled under the FMLA by denying her FMLA leave and/or by disciplining and terminating her.

49.

Defendants engaged in illegal retaliation against the Plaintiff because the Plaintiff exercised her rights under the FMLA.

50.

Defendants failed to provide the Plaintiff leave as a reasonable accommodation.

51.

Defendants' decision to terminate the Plaintiff violates the ADAAA.

52.

Defendants failed to reasonably accommodate the Plaintiff by denying her leave due to her disabilities, and terminating her.

53.

Defendants have engaged in unlawful discrimination, in violation of the ADAAA.

54.

Defendants terminated the Plaintiff in retaliation for exercising her rights under the ADAAA by requesting and taking leave as a reasonable accommodation.

55.

Defendants have engaged in unlawful pregnancy discrimination by terminating the Plaintiff from employment.

56.

The Plaintiff has been treated differently than similarly-situated employees in the terms and conditions of her employment because of her pregnancy.

57.

The Plaintiff's termination was because of her sex.

58.

Defendants have engaged in unlawful sex discrimination by terminating the Plaintiff from employment.

59.

The Plaintiff has been treated differently than similarly-situated employees in the terms and conditions of her employment because of her sex.

**COUNT ONE:   FMLA VIOLATION**

60.

Plaintiff incorporates herein paragraphs 1 through 59 of her Complaint.

61.

The Plaintiff's pregnancy complications and viral infection is a serious health condition, as defined by the FMLA.

62.

Defendants contacting the Plaintiff and requiring her to perform duties while on FMLA violates the FMLA.

63.

Defendants violated the FMLA by denying Plaintiff FMLA leave and disciplining her for FMLA approved absences.

64.

Defendants violated the FMLA by interfering with the Plaintiff's substantive rights to which she is entitled under the FMLA.

65.

Defendants' actions entitle the Plaintiff to all remedies, including, but not limited to, interest, liquidated damages, and equitable relief, pursuant to 29 U.S.C. § 2617(a).

**COUNT TWO:   FMLA RETALIATION – INTERFERENCE WITH RIGHTS**

66.

Plaintiff incorporates herein paragraphs 1 through 65 of her Complaint.

67.

Defendants retaliated against the Plaintiff by disciplining her for FMLA approved absences, refusing to work while on FMLA, and harassing her after taking FMLA, and terminating her from employment.

68.

Defendants engaged in illegal retaliation against the Plaintiff because the Plaintiff exercised her rights under the FMLA.

69.

Defendants' actions entitle the Plaintiff to all remedies, including, but not limited to, interest, liquidated damages, and equitable relief, pursuant to 29 U.S.C. § 2617(a).

**COUNT THREE: ADA – DISCRIMINATION**

70.

Plaintiff incorporates herein paragraphs 1 through 69 of her Complaint.

71.

The Plaintiff suffers from a disability, as defined by the ADAAA.

72.

Plaintiff has a record of a physical impairment that substantially limits one or more of her major life activities.

73.

Defendants regarded and/or perceived the Plaintiff as having a physical impairment that substantially limited one or more of her major life activities.

74.

The Plaintiff is a qualified individual, as defined by the ADAAA.

75.

Defendants have engaged in discrimination in the terms and conditions of the Plaintiff's employment, including, but not limited to, by refusing to accommodate her and terminating her.

76.

The Plaintiff is capable of performing all essential functions of her position with a reasonable accommodation.

77.

The Plaintiff has a physical impairment that substantially limits one or more of her major life activities.

78.

Defendants' conduct violates 42 U.S.C. § 12101 *et seq.*, the ADAAA, as amended.

79.

On or about May 11, 2021, the Plaintiff filed a timely Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") alleging disability discrimination.  (EEOC Charge of Discrimination #410-2021-04759, attached hereto as Exhibit A)

80.

The Plaintiff has satisfied all statutory prerequisites for filing this action.

81.

On or about October 1, 2021, the Plaintiff received her "Notice Of Right To Sue" letter from the EEOC for her Charge of Discrimination.  (A true and accurate copy of the EEOC "Notice Of

Right To Sue" letter for EEOC Charge #410-2021-04759, is attached hereto as Exhibit B)

82.

The Plaintiff has filed this action under the ADAAA within ninety (90) days after receipt of her "Notice Of Suit Rights" letter from the EEOC.

83.

Defendants' discriminatory conduct, in violation of the ADAAA, has caused the Plaintiff to suffer a loss of pay, benefits, and prestige.

84.

Defendants' actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages, pursuant to 42 U.S.C. § 1981a.

85.

Defendants have engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling her to punitive damages, pursuant to 42 U.S.C. § 1981a.

**COUNT FOUR: ADA — DISCRIMINATION**

86.

Plaintiff incorporates herein paragraphs 1 through 85 of her Complaint.

87.

The Plaintiff suffers from a disability, as defined by the ADAAA.

88.

Plaintiff has a record of a physical impairment that substantially limits one or more of her major life activities.

89.

Defendants regarded and/or perceived the Plaintiff as having a physical impairment that substantially limited one or more of her major life activities.

90.

The Plaintiff is a qualified individual, as defined by the ADAAA.

91.

Defendants have engaged in discrimination in the terms and conditions of the Plaintiff's employment, including, but not limited to, by refusing to accommodate her and terminating her.

92.

The Plaintiff is capable of performing all essential functions of her position with a reasonable accommodation.

93.

The Plaintiff has a physical impairment that substantially limits one or more of her major life activities.

94.

Defendants' conduct violates 42 U.S.C. § 12101 *et seq*., the ADAAA, as amended.

95.

On or about May 11, 2021, the Plaintiff filed a timely Charge of Discrimination with the EEOC alleging disability retaliation discrimination.  (Exhibit A)

96.

The Plaintiff has satisfied all statutory prerequisites for filing this action.

97.

On or about October 1, 2021, the Plaintiff received her "Notice Of Right To Sue" letter from the EEOC for her Charge of Discrimination.  (Exhibit B)

98.

The Plaintiff has filed this action under the ADAAA within ninety (90) days after receipt of her "Notice Of Suit Rights" letter from the EEOC.

99.

Defendants' discriminatory conduct, in violation of the ADAAA, has caused the Plaintiff to suffer a loss of pay, benefits, and prestige.

100.

Defendants' actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages, pursuant to 42 U.S.C. § 1981a.

101.

Defendants have engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling her to punitive damages, pursuant to 42 U.S.C. § 1981a.

**COUNT FIVE:  TITLE VII - PREGNANCY**

102.

Plaintiff incorporates herein paragraphs 1 through 101 of her Complaint.

103.

Defendants have engaged in intentional pregnancy discrimination, in violation of Title VII and the PDA, in the terms and conditions of the Plaintiff's employment, including, but not limited to, harassment, discipline, and/or her termination.

104.

Defendants' conduct violates Title VII and the PDA.

105.

On May 11, 2021, the Plaintiff filed a timely Charge of Discrimination alleging pregnancy discrimination with the EEOC. (Exhibit A)

106.

The Plaintiff has satisfied all statutory prerequisites for filing this action.

107.

On or about October 1, 2021, the Plaintiff received her "Notice Of Right To Sue" letter from the EEOC for her Charge of Discrimination. (Exhibit B)

108.

The Plaintiff has filed this action under Title VII and the PDA within ninety (90) days after receipt of her "Notice Of Right To Sue" letter from the EEOC.

109.

Defendants' discriminatory conduct, in violation of Title VII and the PDA, has caused the Plaintiff to suffer a loss of pay, benefits, and prestige.

110.

Defendants' actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages pursuant to 42 U.S.C. § 1981a.

111.

Defendants have engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling her to punitive damages pursuant to 42 U.S.C. § 1981a.

**COUNT SIX:  TITLE VII - SEX**

112.

Plaintiff incorporates herein paragraphs 1 through 111 of her Complaint.

113.

Defendants have engaged in intentional sex discrimination in violation of Title VII, in the terms and conditions of the Plaintiff's employment, including, but not limited to, harassment, discipline, and/or her termination.

114.

Defendants' conduct violates Title VII.

115.

On May 11, 2021, the Plaintiff filed a timely Charge of Discrimination alleging sex discrimination with the EEOC. (Exhibit A)

116.

The Plaintiff has satisfied all statutory prerequisites for filing this action.

117.

On or about October 1, 2021, the Plaintiff received her "Notice Of Right To Sue" letter from the EEOC for her Charge of Discrimination. (Exhibit B)

118.

The Plaintiff has filed this action under Title VII within ninety (90) days after receipt of her "Notice Of Right To Sue" letter from the EEOC.

119.

Defendants' discriminatory conduct, in violation of Title VII, has caused the Plaintiff to suffer a loss of pay, benefits, and prestige.

120.

Defendants' actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages pursuant to 42 U.S.C. § 1981a.

121.

Defendants have engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling her to punitive damages pursuant to 42 U.S.C. § 1981a.

**PRAYER FOR RELIEF**

122.

Wherefore, Plaintiff prays for a judgment as follows:

1. That the Court order Defendants to reinstate her employment;

2. That the Court grant full front pay to the Plaintiff;

3. That the Court grant full back pay to the Plaintiff;

4. That the Court grant Plaintiff compensatory damages for the humiliation, emotional distress, and other damages caused by Defendants' conduct;

5. That the Court grant Plaintiff punitive damages for Defendants' malicious and recklessly indifferent conduct;

6. That the Court grant Plaintiff all employment benefits she would have enjoyed had she not been discriminated and retaliated against;

7. That the Court grant Plaintiff liquidated damages and interest under the FMLA;

8. That the Court grant Plaintiff expenses of litigation, including reasonable attorneys' fees, pursuant to the ADAAA, FMLA, Title VII, and/or 42 U.S.C. § 1988;

9. That the Court grant Plaintiff a jury trial;

10. That the Court grant Plaintiff all other relief the Court deems just and proper; and

11. That the Court grant temporary, preliminary, and permanent injunctive relief prohibiting Defendants from engaging in further discriminatory and retaliatory conduct.

Respectfully submitted this 10th day of October 2021.

                                    **THE REDDY LAW FIRM, P.C.**

                                    /s/K. Prabhaker Reddy
                                    K. PRABHAKER REDDY
                                    Attorney at Law
                                    Georgia Bar No. 597320
                                    1325 Satellite Boulevard
                                    Suite 1506
                                    Suwanee, Georgia 30024
                                    Telephone: (678) 629-3246
                                    Facsimile: (678) 629-3247
                                    Email: kpr@reddylaw.net